UNITED STATES DISTRICT COURT         JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **CV 17-71 DMG (RAOx)** | Date | February 3, 2017 |
|---|---|---|---|

| Title | *Wendy Knecht v. Max R. Lehfeldt, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION [15]**

On November 28, 2016, Plaintiff Wendy Knecht filed a complaint in Los Angeles County Superior Court against Defendants Max R. Lehfeldt, Teleos Plastic Surgery ("Teleos" and, Lehfeldt and Teleos together, "Healthcare Defendants"), and Allergan, Inc. ("Allergan"). [Doc. # 1-1.] The action raises ten state law tort claims relating to mastectomy and reconstructive surgeries Knecht underwent in February and November 2015.

On January 4, 2017, Allergen removed the action to federal court on the basis of diversity of citizenship and fraudulent joinder. [Doc. # 1.] On January 17, 2017, this Court ordered Allergen to show cause why the action should not be remanded for lack of jurisdiction in light of the Healthcare Defendants' California citizenship. [Doc. # 15.] Allergen submitted a response on January 27, 2017 [Doc. # 16], and Knecht filed her opposition on January 27, 2017 [Doc. # 17]. On February 2, 2017, Knecht moved to remand the case to state court. [Doc. # 18.]

A joinder is fraudulent when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted). The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence," and "there is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant must show that 'there is no possibility that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant'" and that the "plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added) (alteration in original) (quoting *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)); *see also Aguilera v. Target Corp.*, No. EDCV 15-2186-DOC (DTBx), 2015 WL 9093541, at *2 (C.D. Cal. Dec. 16, 2015) ("'If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot

UNITED STATES DISTRICT COURT    **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **CV 17-71 DMG (RAOx)** | Date | February 3, 2017 |
|---|---|---|---|

| Title | *Wendy Knecht v. Max R. Lehfeldt, et al.* | Page | 2 of 3 |
|---|---|---|---|

find that joinder of the resident defendant was fraudulent, and remand is necessary.' Framed another way, 'a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge.'" (quoting *Hugais v. Sara Lee Corp.,* NO. C13-2368 THE, 2013 WL 3929141, at *2 (N.D. Cal. July 26, 2013))). Moreover, all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous, or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

      Here, Allergen contends that Knecht cannot state a claim for medical malpractice against the Healthcare Defendants because of California's one-year statute of limitations under California Code of Civil Procedure section 340.5, and that she is not entitled to the delayed discovery rule. Response at 3–6; *see* Cal. Civ. Proc. Code § 340.5 ("[T]he time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."); *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) ("In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'" (quoting *McKelvey v. Boeing North American, Inc.*, 74 Cal.App.4th 151, 160 (1999))).

      Knecht counters that while she experienced some "unfortunate and disappointing" symptoms following her February 2015 surgery, she believed these were normal post-surgery complications and not due to negligence by her doctor, which is insufficient to trigger the statute of limitations. Opposition at 9–11; *see Drexler v. Petersen*, 4 Cal. App. 5th 1181, 1189 (2016) ("The one-year limitations period . . . does not begin to run until the plaintiff discovers both his or her injury *and* its negligent cause." (emphasis added) (citing *Gutierrez v. Mofid*, 39 Cal.3d 892, 896 (1985) (*en banc*))); *Kitzig v. Nordquist*, 81 Cal. App. 4th 1384, 1391–92 (2000) (upholding jury's finding that medical malpractice claim was timely filed where plaintiff suffered some related medical problems after an implant procedure, which she did not believe was caused by malpractice, because "[t]he best medical treatment sometimes fails, or requires long and difficult recuperation or produces bad side effects" (quoting *Gutierrez*, 39 Cal. 3d at 899)). Knecht also contends that her cause of action for fraud is subject to the three-year statute of limitations under section 338 of the California Code of Civil Procedure. Opposition at 10 & n.3; *see Unruh-Haxton v. Regents of Univ. of Cal.*, 162 Cal. App. 4th 343, 355–56 (2008) (patients' claim for fraud related to wrongful intentional conduct and not mere negligence, and was therefore subject to the one-year statute of limitations in section 340.5); *Nelson v. Gaunt*,

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **CV 17-71 DMG (RAOx)** | Date | February 3, 2017 |
|---|---|---|---|
| Title | *Wendy Knecht v. Max R. Lehfeldt, et al.* | Page | 3 of 3 |

125 Cal. App. 3d 623, 636 (1981) (longer limitations period for fraud under section 338 applied where physician intentionally misrepresented safety information and legal ability to administer silicone injections before administering them on plaintiff).

     Knecht's negligence and negligence-based claims give rise to factual questions that preclude this Court from finding that there is "no possibility" she can prevail on those causes of action due to a time-bar. *Padilla*, 697 F. Supp. 2d at 1159; *see Timmel v. Moss*, 803 F.2d 519, 521 (9th Cir. 1986) (belated discovery of cause of action is a question of fact); *Brown v. Bleiberg*, 32 Cal. 3d 426, 436 (1982) ("[I]t is only where reasonable minds can draw but one conclusion from the evidence that the question [of whether there has been a belated discovery of the cause of action in a malpractice case] becomes a matter of law." (quoting *Wozniak v. Peninsula Hosp.*, 1 Cal. App. 3d 716, 725 (1969))). Further, Knecht's cause of action for fraud relates to Lehfeldt's intentional misrepresentation of the propriety, safety, and effectiveness of using the Allergan devices for permanent breast reconstruction surgery. *See* Complaint at ¶¶ 47–50, 149–88. This cause of action appears to be more appropriately subject to California's three-year statute of limitations, such that Knecht has not fraudulently joined the Healthcare Defendants.

     In light of the foregoing, the Court concludes that Allergan has failed to satisfy its burden of demonstrating the existence of diversity jurisdiction. The Healthcare Defendants' California citizenship defeats diversity in this case. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). Given the absence of diversity jurisdiction, the Court **REMANDS** this action to the Los Angeles County Superior Court. Knecht's motion to remand [Doc. # 18] is **DENIED** as moot and the March 3, 2017 hearing on that motion is **VACATED**.

**IT IS SO ORDERED.**